# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CORECLARITY, INC.<br>　　*Plaintiff*, | §<br>§<br>§ | |
| v. | §<br>§ | CIVIL ACTION NO.  4:20-CV-00601<br>Judge Mazzant |
| GALLUP, INC.<br>　　*Defendants*. | §<br>§<br>§<br>§ | |

## **MEMORANDUM OPINION AND ORDER**

Pending before the Court is Plaintiff CoreClarity, Inc.'s Motion to Dismiss With Prejudice (Dkt. #27). Having considered the Motion and relevant briefing, the Court finds the Motion is **GRANTED** (Dkt. #27). CoreClarity, Inc. will pay Gallup Inc.'s costs of court in this matter.

Also pending before the Court is Plaintiff CoreClarity's Motion to Dismiss Without Prejudice (Dkt. #24). Having considered it, the Motion **is DENIED as moot** (Dkt. #24).

### BACKGROUND

This dispute centers around Gallup, Inc.'s ("Gallup") planned use of intellectual property that allegedly resembles CoreClarity, Inc.'s ("CoreClarity") intellectual property. On August 7, 2020, CoreClarity filed an Application for Temporary Restraining Order (TRO) against Gallup, alleging copyright infringement (Dkt. #6). On August 17, the Court held a TRO hearing where CoreClarity argued both copyright and trademark infringement (Dkt. #19). The Court subsequently denied the TRO (Dkt #22).

On August 31, CoreClarity filed a Motion to Dismiss Without Prejudice (Dkt. #24). On September 14, Gallup responded and requested attorney's fees (Dkt #25). On September 21, CoreClarity then filed an Amended Motion to Dismiss *With* Prejudice (Dkt #27). On October 5,

Gallup filed its Response and still requested attorney's fees (Dkt #28). On October 12, CoreClarity filed its Reply (Dkt #29). On October 19, Gallup filed its Sur-Reply (Dkt. #32).

## LEGAL STANDARD

District courts may award costs to prevailing parties under Federal Rule of Civil Procedure 54(d)(1) unless a statute or Rule precludes it. *Marx v. General Revenue Corp.*, 586 U.S. 371, 376 (2013). Courts also retain discretion to award costs to prevailing parties under the Copyright Act and the Lanham Act depending on the circumstances of the case. 17 U.S.C. § 505; 15 U.S.C. § 1117.

While courts regularly award costs, there is a presumption against awarding attorney's fees. *See Marx,* 568 U.S. at 381–382. The "bedrock principle" known as the "American Rule" stands for the expectation that each litigant pays his own attorney's fees, win or lose, unless a statute or contract provide otherwise. *Id.* at 382. The two statutes at issue here, 17 U.S.C. § 505 and 15 U.S.C. § 1117, permit courts to award attorney's fees to prevailing parties.

## ANALYSIS

Gallup asks the Court to award costs and attorney's fees under § 505 of the Copyright Act and § 1117 of the Lanham Act. The Court finds that awarding costs is appropriate because Gallup is the prevailing party and CoreClarity does not dispute the award. However, the Court does not award attorney's fees because the underlying suit was not frivolous or otherwise exceptional. Gallup's Motion is therefore granted in part and denied in part.

### I. Costs

For allocating costs, the defendant is the "prevailing party" when a case has been dismissed with prejudice. *Schwarz v. Folloder*, 767 F.2d 125, 130 (5th Cir. 1985). CoreClarity is moving to

2

dismiss with prejudice, making Gallup the undisputed prevailing party. As CoreClarity does not contest awarding costs, the Court finds Gallup entitled to costs.

## II. Attorney's Fees

Next, the Court addresses Gallup's request for attorney's fees under the Copyright Act and the Lanham Act. The Court engages in similar analyses and finds that attorney's fees are not warranted under either statute.

### a. Copyright Act

Courts award attorney's fees on a case-by-case basis in copyright infringement actions. *Fogerty v. Fantasy, Inc.,* 510 U.S. 517, 534–35 (1994). In considering whether to award attorney's fees under § 505, courts weigh a nonexclusive list of factors including: (1) frivolousness, (2) motivation, (3) objective unreasonableness, and (4) the need for compensation and deterrence. *Id.* at 534 n.19. Substantial weight is given to the objective reasonableness factor. *Kirstaeng v. John Wiley & Sons, Inc.*, 136 S. Ct. 1979, 1988 (2016). Because an award of attorney's fees "is common, but not automatic, in copyright infringement cases," the Court applies the *Fogerty* factors to determine whether attorney's fees should be awarded. *Recursion Software, Inc. v. Double-Take Software, Inc.*, No. 4:10-CV-403, 2013 WL 12403528, at *2 (E.D. Tex. Jan. 3, 2013).

#### i. Frivolousness and Objective Reasonableness

Frivolousness and objective reasonableness are often considered together by district courts. *See id.* at *2–3. Generally, "objective unreasonableness" describes claims that have no legal or factual support. *Geophysical Serv., Inc. v. TGS NOPEC Geophysical Co.,* No. H-14-1368, 2020 WL 821879, at *3 (S.D. Tex. Feb. 19, 2020). A claim is more likely to be found frivolous or objectively unreasonable when it obviously lacks substance. *Recursion*, 2013 WL 12403528, at *3.

3

CoreClarity's copyright claim was neither frivolous or objectively unreasonable. Both parties briefed and argued the merits of CoreClarity's request for a TRO (Dkt. #22). Although the Court denied CoreClarity's request, the Court found the claims possessed some merit and "may eventually be able to" prevail (Dkt. #22 at p. 8). The mere fact that CoreClarity did not prevail does render its claim patently unreasonable. *See Creations Unlimited Inc. v. McCain*, 112 F.3d 814, 817 (5th Cir. 1997) (explaining that a losing claim is not frivolous when that claim possesses legal and factual undergirding). Afterall, TROs are "an extraordinary and drastic remedy, not to be granted routinely." *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985). While Gallup argues that CoreClarity does not justify its suit, the burden is on Gallup to demonstrate frivolousness, not CoreClarity to exonerate itself. Gallup has not carried this burden.

Lastly, courts generally evaluate whether a claim is objectively reasonable only after the court "has ruled on the merits of the copyright claim[.]" *Virtual Chart Solutions I, Inc. v. Meredith*, 2020 WL 896674, *6 (E.D. Tex. Feb. 25, 2020) (quoting *Kirstaeng*, 136 S. Ct. at 1987). But here, the Court only considered CoreClarity's substantial likelihood of success, not the ultimate merits. For these reasons, CoreClarity's copyright claim was neither frivolous nor objectively unreasonable.

### ii. Motivation

Next, the Court considers the parties' motivation. This includes examining: (1) the defendant's status as an innocent, rather than a willful or knowing, infringer; (2) the plaintiff's prosecution of the case in bad faith; and (3) the defendant's good faith attempt to avoid infringement. *Collins v. Doe*, No. CIV.A. H-10-2882, 2013 WL 2896822, at *7 (S.D. Tex. June 12, 2013). To demonstrate bad intent or improper motive, Gallup must point to direct evidence of improper motive. *Recursion,* 2013 WL 12403528, at *4.

There is no direct evidence that CoreClarity sued in bad faith or otherwise litigated in an unreasonable manner to justify attorney's fees. Although CoreClarity sued nine months after it discovered the alleged infringement, this delay does not prove bad faith. In fact, the record shows that the parties communicated about the disputed intellectual property for months to avoid the suit (Dkt. #22 at p. 3). Although this ultimately undercut CoreClarity's request for emergency relief, it does not necessarily prove ill motive. Gallup argues CoreClarity's failure to testify to a pure motive is "a tacit admission" of a questionable motivation (Dkt. #31 p. 5). But Gallup "must point to direct evidence of improper motive." *See Recursion*, 2013 WL 12403528, at *4. The Court will not infer an ill motive. *See id.*

### iii. Compensation and Deterrence

Finally, there is no need to deter similar lawsuits because CoreClarity's suit was not frivolous. Courts may award fees to deter future plaintiffs from bringing similarly frivolous or unreasonable claims. *Spear Mktg., Inc. v. Bancorpsouth Bank*, No. 3;12-CV-3583-BB, 2016 WL 193586, at *3 (N.D. Tex. Jan. 14, 2016), *aff'd*, 844 F.3d 464 (5th Cir. 2016). Compensation works hand-in-hand with deterrence by reimbursing prevailing parties for legal fees spent defending frivolous suits. *See id.*

As discussed, CoreClarity's claim was neither frivolous nor objectively unreasonable and thus there is no need to deter similar future claims. *See Recursion*, 2013 WL 12403528, at *4. The Copyright Act aims to protect copyright owners from costly litigation and deter additional frivolous lawsuits. *See Fogerty*, 510 U.S. at 525–27. Unlike cases where courts award fees to deter overaggressive assertions of copyright claims, CoreClarity advances a single copyright claim against a single defendant and is not a serial filer. *See Batiste v. Lewis*, 976 F.3d 493 (5th Cir. 2020) (awarding fees where plaintiff had a pattern of filing overaggressive copyright claims and a

history of litigation misconduct). There is no need to deter CoreClarity because it moves to dismiss with prejudice, which means the suit cannot be refiled. For these reasons, the Court declines to award of attorney's fees under 17 U.S.C. § 505.

### b. Lanham Act

For similar reasons, the Court also declines to award attorney's fees under the Lanham Act. A court may award attorney's fees to the prevailing party in "exceptional cases" under 15 U.S.C. § 1117. *Octane Fitness, LLC v. Icon Health and Fitness, Inc.*, 572 U.S. 545, 554 (2014). An "exceptional" case is one that (1) stands out from others with respect to the substantive strength of a party's litigating position, or (2) the unsuccessful party has litigated the case in an unreasonable manner. *Baker v. DeShong*, 821 F.3d 620, 625 (5th Cir. 2016). The *Fogerty* factors are instructive in determining the exceptional nature of a case under both the Copyright Act and Lanham Act. *Id.* at 554 n.6.

After a careful analysis, the Court finds the underlying suit unexceptional and declines to award attorney's fees. As discussed, CoreClarity's claims did not meet the high bar necessary to warrant injunctive relief "at this stage" (Dkt #22 at p. 7). Even though CoreClarity did not prevail at the TRO stage, it "may eventually be able" to prevail (Dkt. #22 at p. 8). This language implicitly contemplates that CoreClarity may have future success, which shows that its claims were not frivolous or objectively baseless. There is also no direct evidence that CoreClarity litigated the case in bad faith or in an exceptional manner. For these reasons, the Court declines to award attorney's fees under 15 U.S.C. § 1117.

## CONCLUSION

It is hereby **ORDERED** that Plaintiff CoreClarity, Inc.'s Motion to Dismiss With Prejudice (Dkt. #27) is **GRANTED.**

It is further **ORDERED** that Plaintiff CoreClarity, Inc.'s Motion to Dismiss Without Prejudice (Dkt. #24) is **DENIED as moot**.

It is further **ORDERED** that Plaintiff pay Defendant's costs of court.

All relief not previously granted is hereby denied.  The Clerk is directed to close this civil action.

**SIGNED this 17th day of November, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE